**F I L E D**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>JUAN JOSE MARTINEZ-<br>CONTRERAS,<br><br>    Defendant - Appellant. | No.  00-4192<br>(D.C. No. 2:99-CR-615-B)<br>(D. Utah) |

ORDER AND JUDGMENT  *

Before **TACHA** , Chief Judge,   **EBEL** , and **LUCERO** , Circuit Judges.

Juan Jose Martinez-Contreras pleaded guilty to possession of, with intent

to distribute, more than 500 grams of a substance or mixture containing

methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The district court

sentenced him to, inter alia, ten years' imprisonment.  We exercise jurisdiction

pursuant to 28 U.S.C. § 1291 and affirm.

---

* The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

On November 3, 1999, a grand jury charged Martinez-Contreras as follows:

> On or about October 27, 1999, in the Central Division of the District of Utah,
> JUAN JOSE MARTINEZ-CONTRERAS,
> the Defendant herein, did knowingly and intentionally possess with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable under 21 U.S.C. § 841(b)(1)(A).

(1 R. Doc. 6 at 1–2.)  Martinez-Contreras pleaded guilty to this charge on June 27, 2000.  In a statement in advance of his plea, he acknowledged the existence of a ten-year mandatory minimum term of imprisonment for his offense under 21 U.S.C. § 841(b)(1)(A).

On September 19, 2000, it became apparent to the district court that Martinez-Contreras's guilty plea "was based on an assumption that [he was] going to receive something on the order of seven years in prison."  (3 R. at 4.) The court ordered the plea withdrawn.   On October 31, 2000, Martinez-Contreras again pleaded guilty to the offense charged in the indictment. At the second plea hearing, he acknowledged that his offense carried a mandatory minimum term of imprisonment of ten years and a maximum term of life in prison.  Ultimately, the district court imposed a ten-year sentence.

On appeal, Martinez-Contreras's attorney filed an <u>Anders</u> brief and a

motion to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). Martinez-Contreras was afforded an opportunity to respond to the Anders brief, and he filed supplemental briefs on December 12, 2001, and March 6, 2002.

Based on "a full examination of all the proceedings," id., we determine that this appeal is without merit. First, the record affirmatively shows that defendant's second guilty plea was knowing and voluntary. See Parke v. Raley, 506 U.S. 20, 28 (1992). For example, the district court informed Martinez-Contreras in open court of the nature of the charge to which he was pleading, the mandatory ten-year minimum sentence applicable to the offense, and that there would be no trial if he pleaded guilty. See Fed. R. Crim. P. 11. [1]

Second, we reject the assertion by Martinez-Contreras in his response to the Anders brief that his sentence violates Apprendi v. New Jersey, 530 U.S. 466,

---

[1] In his response to the Anders brief, Martinez-Contreras states that "eventhough the Appellant plead[ed] guilty to the offense, it was only for other factors involved in this case, such as wife and children." (Appellant's Supplemental Br. at 2.) Martinez-Contreras does not claim that his family coerced him or forced him to plead guilty, and thus there is no due process problem with his plea. Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002).

490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). For among other reasons, Martinez-Contreras's contention that Apprendi requires jury findings on any fact that triggers the mandatory minimum in this case—i.e., that Martinez-Contreras possessed, with intent to distribute, five hundred grams of a substance containing methamphetamine—must fail because Martinez-Contreras pleaded guilty to these facts. See United States v. Lujan, 268 F.3d 965, 969 (10th Cir. 2001) ("The indictment here did allege possession of a quantity sufficient for the mandatory minimum sentence that was imposed, and by pleading guilty to Count 1 of the indictment [defendant] of course waived the right to have the fact determined by a jury."); see also Harris v. United States, 122 S. Ct. 2406 (2002).

Third, we find no merit to Martinez-Contreras's challenge of his sentence on the basis that the government failed to prove whether the methamphetamine attributed to him was L-methamphetamine or D-methamphetamine. Under the sentencing guidelines and the relevant statute, this distinction is irrelevant. See 21 U.S.C. § 841(b)(1)(A)(viii); United States v. Svacina, 137 F.3d 1179, 1186 (10th Cir. 1998).

Finally, we refuse to entertain Martinez-Contreras's claim to have received ineffective assistance of counsel. For reasons stated in United States v.

Galloway , 56 F.3d 1239 (10th Cir. 1995), we will not pass on this issue at this time:

> Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. . . .
> [T]he reasons for this rule are self-evident . . . . A factual record must be developed in and addressed by the district court in the first instance for effective review.

Id. at 1240 (citation omitted).

Counsel's motion to withdraw is **GRANTED** . Appellant's motion to have counsel appointed is **DENIED** , and his sentence is **AFFIRMED** .[2]

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] On January 23, 2002, Martinez-Contreras filed a "Motion for Transcripts Pursuant to 28 U.S.C. § 753(f)," in which he claims that he is entitled to receive facsimiles of his plea hearing transcripts. As stated above, we have independently reviewed the record, including the plea hearing transcripts, and find no merit to this appeal. The motion for transcripts is therefore denied.